USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/18/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------- X
:
UNITED STATES OF AMERICA :  **PRELIMINARY ORDER**
: **OF FORFEITURE AS TO**
-v.- : **SUBSTITUTE ASSET**
:
MICHAEL OPPENHEIM, : 15 Cr. 548 (AT)
:
Defendant. :
:
------------------------------- X

WHEREAS, on August 17, 2015, MICHAEL OPPENHEIM (the "Defendant") was charged in a four-count Information, 15 Cr. 548 (AT) (the "Information"), with embezzlement, in violation of Title 18, United States Code, Section 656 (Count One); securities fraud, in violation of Title 15, United States Code, Sections 78j(b) and 78ff; Title 17, Code of Federal Regulations, Sections 240.10b-5 and 240.10b5-2; and Title 18, United States Code, Section 2 (Count Two); investment adviser fraud, in violation of Title 15, United States Code, Sections 80b-6 and 80b-17 and Title 18, United States Code, Section 2 (Count Three); and wire fraud, in violation of Title 18, United States Code, Sections 1343 and 2 (Count Four);

WHEREAS, the Information included a forfeiture allegation as to Count One of the Information seeking, pursuant to Title 18, United States Code, Section 982(a)(2), the forfeiture of all property constituting, or derived from, the proceeds Defendant obtained directly or indirectly, as a result of the offense charged in Count One of the Information;

WHEREAS, the Information included a second forfeiture allegation as to Counts Two through Four of the Information seeking, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461, the forfeiture of all property, real and

personal, which constitutes or is derived from proceeds traceable to the commission of the offenses charged in Counts Two through Four of the Information;

WHEREAS, on November 5, 2015, the Defendant pled guilty to Counts One and Two of the Information, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegations with respect to Counts One and Two of the Information and agreed to forfeit to the United States, pursuant to Title 18, United States Code, Sections 982(a)(2) and 981(a)(1)(C) and Title 28, United States Code, Section 2461, a sum of money equal to $22,432,375 in United States currency, representing (i) all property constituting, or derived from, the proceeds obtained directly or indirectly, as a result of the offense charged in Count One of the Information and (ii) all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offense charged in Count Two of the Information;

WHEREAS, on or about November 5, 2015, in connection with the Defendant's guilty plea, the Defendant and the Government signed and the Court entered a Consent Preliminary Order of Forfeiture/Money Judgment (Docket Entry No. 28) (the "Order of Forfeiture") that, among other things, imposed a money judgment in the amount of $22,432,375 in United States currency against the Defendant;

WHEREAS, on or about April 26, 2016, the Court entered an Amended Consent Preliminary Order of Forfeiture/Money Judgment (Docket Entry No. 44), which amended the Order of Forfeiture and imposed a money judgment in the amount of $20,185,225 in United States currency, representing (i) all property constituting, or derived from, the proceeds Defendant obtained directly or indirectly, as a result of the offense charged in Count One of the Information and (ii) all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offense charged in Count Two of the Information (the "Money Judgment");

WHEREAS, to date, the Defendant has paid $191,192.80 towards the Money Judgement and has a balance of $19,994,027.20;

WHEREAS, as a result of acts and omissions of the Defendant, the Government, despite the exercise of due diligence, has been unable to locate the proceeds of the offense charged in Count One of the Information;

WHEREAS, the United States is authorized, pursuant to Federal Rule of Criminal Procedure 32.2, to seek the forfeiture of the following asset of the Defendant, to be applied in partial satisfaction of the Money Judgment entered against him:

    a.    any and all funds on deposit in Account Number 4300752329, held in the name of Michael Oppenheim, at TD Bank, N.A (the "Substitute Asset"); and

WHEREAS, pursuant to Title 21, United States Code, Section 853(g) and Rule 32.2(c) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Substitute Asset to its possession and to notify any and all potential purchasers and transferees thereof of its interest therein;

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1. All of the Defendant's right, title and interest in the Substitute Asset is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

2. The Substitute Asset shall be applied towards partial satisfaction of the Money Judgment entered against the Defendant upon the entry of a Final Order of Forfeiture with respect to the Substitute Asset.

3. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, upon entry of this Preliminary Order of Forfeiture as to Substitute Asset, this Preliminary Order

of Forfeiture as to Substitute Asset is final as to the Defendant, MICHAEL OPPENHEIM, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

4. Upon entry of this Preliminary Order of Forfeiture as to Substitute Asset, the United States Marshals Service (or its designee) is authorized to seize the Substitute Asset and hold the Substitute Asset in its secure custody and control.

5. Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States shall publish for at least thirty (30) consecutive days on the official government internet forfeiture site, www.forfeiture.gov, notice of this Preliminary Order of Forfeiture as to Substitute Asset.  Any person, other than the Defendant in this case, claiming an interest in the Substitute Asset must file a petition within sixty (60) days from the first day of publication of the notice on this official government internet site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

6. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Substitute Asset, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title and interest in the Substitute Asset and any additional facts supporting the petitioner's claim and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

7. Pursuant to Rule 32.2(b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

8. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Substitute Asset pursuant to Title 21, United States Code, Section 853(n) and Rule 32.2(c)(2) of the Federal Rules of Criminal Procedure, in which all third-party interests will be addressed.

9. The Court shall retain jurisdiction to enforce this Preliminary Order of Forfeiture as to Substitute Asset, and to amend it as necessary, pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure.

10. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, upon entry of this Preliminary Order of Forfeiture as to Substitute Asset, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas, pursuant to Rule 45 of the Federal Rules of Civil Procedure.

11. The Clerk of the Court shall forward three certified copies of this Preliminary Order of Forfeiture as to Substitute Asset to Assistant United States Attorney Alexander Wilson, Co-Chief of the Money Laundering and Asset Forfeiture Unit, One St. Andrew's Plaza, New York, New York 10007.

Dated: New York, New York
      February 18 , 2020

SO ORDERED:

_____
HONORABLE ANALISA TORRES
UNITED STATES DISTRICT JUDGE